1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

9

SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| In Re:<br><br>RALPH BOWEN,<br><br>                Debtor.<br><br>_____<br><br>MARIA L. MORENO aka MARIA LIBERTAD MORENO, and MARIA AMPARO CABALLERO VALENCIA aka AMPARO CABALLERO,<br><br>                Plaintiffs,<br><br>v.<br><br>RALPH BOWEN and Does 1–10,<br><br>                Defendant. | District Case No. 20-cv-00431-GPC-MDD<br>Bankruptcy Case No. 19-06239-LT7<br>Adv. Case No. 20-90012-LT<br><br><br>**ORDER DENYING MOTION TO WITHDRAW REFERENCE OF THE ADVERSARY ACTION**<br><br>**(ECF No. 1.)** |

Before the Court is a motion to revoke the Court's reference of an adversary action to the Bankruptcy Court. Here, withdrawal is neither required nor advisable as the adversary action concerns a matter quintessentially within the province of the Bankruptcy Court: whether to discharge a debt. Consequently, the Court **DENIES** the motion.

## I.     Background

On October 17, 2019, Defendant Ralph David Bowen ("Defendant") filed a voluntary petition for relief under Chapter 7 with the Bankruptcy Court of this District.

1

1   (ECF No. 2-1 at ¶ 7.) In response, Plaintiffs Maria L. Moreno ("Libertad") and Maria

2   Amparo Caballero Valencia ("Amparo"), (collectively, "Plaintiffs"), filed an adversary

3   proceeding (hereafter, the "Adversary Action") against Defendant under Adversary Case

4   Number 20-90012-LT on January 13, 2020. (*See* ECF No. 2-1.)[1] Defendant filed an

5   Answer to the Adversary Complaint on February 13, 2020. (*See* ECF No. 2-2.)

6        In the Adversary Action, Plaintiffs allege they own three properties referred to as

7   "Birch," "Portico," and "6th St" (collectively, the "Properties.") (*Id.* at ¶ 16.) Casa Blanca

8   Real Estate ("CBRE"), a management company of which Defendant is allegedly "an

9   officer, owner, agent and/ or employee," managed the Properties for the Plaintiffs since

10  they were purchased. (*Id.* at ¶¶ 15, 17.)

11       Plaintiffs allege that CBRE transferred title for the Portico and Birch properties

12  from Amparo to Libertad in 2014 without their consent and falsified Amparo's signature

13  in the process. (*Id.* at ¶¶ 23, 24.) Plaintiffs further allege that CBRE, through the work of

14  realtor Jose Rodriguez, falsified Libertad's signature on two deeds of trust, thereby

15  encumbering the Birch property in the amount of $132,000 on June 11, 2014 and

16  encumbering the Portico property in the amount of $520,000 on February 1, 2017. (*Id.* at

17  ¶¶ 25, 26.) Libertad discovered these fraudulent transfers and encumbrances in 2017 after

18  being informed that a tax reassessment was due following the second loan. (*Id.* at 28.)

19       Plaintiffs also alleges that Defendant and CBRE attempted to conceal their

20  misconduct. (*Id.* at 29.) Plaintiffs claim, for example, that CBRE, Defendant, and Mr.

21  Rodriguez withheld reporting on the Properties, fraudulently completed Libertad's taxes,

22  and actively represented to the Plaintiffs that all management of the Properties was in

23  order. (*Id.* at ¶¶ 29–32.)

24

25  _____

26  [1] This litigation stems, in part, from a pending action before the Superior Court of California (Case No.
    ECU10064), wherein Plaintiffs allege multiple causes of action sounding in fraud against various
27  defendants, including Mr. Bowen. (ECF No. 2-1 at ¶ 10.)

28

According to the Adversary Complaint, all proceeds from the loans were placed in a Wells Fargo account with Libertad as an unknowing signatory, and then used "to pay for trips to Vieja Resort and Casino and payments of personal credit card bills which were clearly not authorized business expenses, and other non-approved uses." (*Id.* at ¶ 33.) As a result, Plaintiffs suffered "extensive losses and financial injury," and now seek that their claims against Defendant "be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2) and § 523(a)(4) as money obtained by actual fraud, and as a fraud or defalcation while acting in a fiduciary capacity, embezzlement, and larceny, and willful and malicious injury pursuant to 11 U.S.C. § 523(a)(6)." (*Id.* at ¶¶ 35, 36.)

On March 6, 2020, Defendant filed a motion seeking withdrawal of reference of the Adversary Action to the Bankruptcy Court. (ECF No. 1.) Plaintiffs filed a response on March 19, 2020. (ECF No. 3.) No reply has been filed to date.

## II.    Legal Standard

District courts have original jurisdiction over "all civil proceedings arising under title 11," which is the Bankruptcy Code, as well as over cases "arising in or related to cases under title 11." 28 U.S.C. § 1334(a)–(b). However, a district court may refer such proceedings to a bankruptcy judge. 28 U.S.C. § 157(a); *see also Sec. Farms v. Int'l Bhd. of Teamsters, Chauffers, Warehousemen & Helpers*, 124 F.3d 999, 1008 (9th Cir. 1997). "In the Southern District of California, all bankruptcy cases are automatically referred to the bankruptcy court." *In re We Ins. Servs., Inc.*, No. 3:19-CV-1007-CAB, 2019 WL 2436428, at *1 (S.D. Cal. June 11, 2019).

Once referred, the district court may withdraw that reference in one of two scenarios. First, a district court *must* withdraw reference "in cases requiring material consideration of non-bankruptcy federal law." *Sec. Farms*, 124 F.3d at 1008; *see also* 28 U.S.C. § 157(d) ("The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations

3

or activities affecting interstate commerce."). Second, a district court *may* withdraw reference, "on its own motion, or on timely motion of any party for cause shown." 28 U.S.C. § 157(d). "In determining whether cause exists, a district court should consider the efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors." *Facebook, Inc. v. Vachani*, 577 B.R. 838 (N.D. Cal. 2017) (quoting *Sec. Farms*, 124 F.3d at 1008). Under either mandatory or permissive withdrawal, the "burden of persuasion is on the party seeking withdrawal." *In re First Alliance Mortgage Co.*, 282 B.R. 894, 902 (C.D. Cal. 2001).

Title 28 U.S.C. § 157 classifies matters in bankruptcy cases as either "core proceedings," in which the bankruptcy court "may enter appropriate orders and judgments," or "non-core proceedings," which the bankruptcy court may hear but for which it may only submit proposed findings of fact and conclusions of law to the district court for de novo review. *Security Farms*, 124 F.3d at 1008 (quoting 28 U.S.C. § 157). "A district court considering whether to withdraw the reference should first evaluate whether the claim is core or non-core, since it is upon this issue that questions of efficiency and uniformity will turn." *Seiko Epson Corp. v. Koshkalda*, No. 18-CV-03124-BLF, 2018 WL 5982870, at *2 (N.D. Cal. Nov. 14, 2018) (quoting *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)).

## III.   Analysis of Permissive Withdrawal[2]

As discussed above, the instant case concerns an adversary proceeding in which Plaintiffs seek a determination that their claims should be excepted from Defendant's

---

[2] To the extent Defendant claims mandatory withdrawal is required, Defendant is incorrect. The allegations of the Adversary Complaint do not require "material consideration of non-bankruptcy federal law," *Sec. Farms*, 124 F.3d at 1008, or consideration of both "title 11 *and* other laws of the United States regulating organizations or activities affecting interstate commerce." 28 U.S.C. § 157(d) (emphasis added).

4

discharge. (ECF No. 2-1 at ¶¶ 35, 36.) Defendant contends that the reference should be revoked for two reasons: (a) that the Adversary Action is a non-core proceeding, and (b) that Defendant seeks to have the action tried by a jury of his peers. (ECF No. 1 at 4–6.) Plaintiffs respond that an action to discharge debt is a core proceeding, and also that no jury trial is required in a core proceeding. (ECF No. 2 at 4.)

For the following reasons, the Court finds that the Adversary Action is a core proceeding and that withdrawal is not appropriate. Consequently, the motion is denied.

### a. Core or Non-Core Proceeding

Plaintiffs seek relief pursuant to three sections of the Bankruptcy laws: 11 U.S.C. § 523(a)(2), (a)(4), and (a)(6). These sections exempt from discharge any debt for "money, property, or services . . . obtained by false pretenses, a false representation, or actual fraud . . .," §523(a)(2)(A); for "fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny," § 523(a)(4); and "for willful and malicious injury by the debtor to another entity or to the property of another entity." § 523(a)(6).

Defendant claims that Plaintiffs' Adversary Action is their third attempt to litigate state law claims, and thus present "[title] 11 claim[s] in name only . . ." (ECF No. 1 at 4.) However, Defendant is mistaken in asserting that Plaintiffs' claims are non-core proceedings merely because they may sound in fraud under California law. 28 U.S.C. § 157(b)(3) ("A determination that a proceeding is not a core proceeding shall not be made solely on the basis that its resolution may be affected by state law.")

Rather, federal law expressly provides that "[c]ore proceedings include . . . determinations as to the dischargeability of particular debts . . . [and] objections to discharges." 28 U.S.C. § 157(2)(I)–(J). And, district courts of this Circuit recognize as much. *See Seiko Epson Corp. v. Koshkalda*, No. 18-CV-03124-BLF, 2018 WL 5982870, at *3 (N.D. Cal. Nov. 14, 2018) (acknowledging that claims under 11 U.S.C. §§ 523(a)(2), (a)(6) are "core" claims); *One Longhorn Land I, L.P. v. Presley* ("*Longhorn Land*"), 529 B.R. 755, 763 (C.D. Cal. 2015) (quoting *Rein v. Providian Fin. Corp.*, 270

5

F.3d 895, 904 (9th Cir. 2001) ("[b]ankruptcy courts have exclusive jurisdiction over nondischargeability actions brought pursuant to 11 U.S.C. § 523(a)(2) [and] (4)").

Consequently, the Court finds that Plaintiff's action for dischargeability is a core proceeding. *See In re Deitz*, 760 F.3d 1038, 1044 (9th Cir. 2014) (referring to "a dischargeability action" as the "prototypical bankruptcy context").

### b.  Request for Jury Trial

"The determination of whether claims are core or non-core is not dispositive of a motion to withdraw a reference." *Hawaiian Airlines, Inc. v. Mesa Air Grp., Inc.*, 355 B.R. 214, 223 (D. Haw. 2006). Other factors may be considered, and Defendant offers one: that he "has a constitutional right to, and ha[s] not waived [his] right to a trial by jury in this matter." (ECF No. 1 at 5.)

Defendant's argument, however, falls short for several reasons. First, as discussed, the Adversary Action is a non-core proceeding, and thus the Bankruptcy Court may hear the matter, make findings of fact, and enter a judgment. *See In re Deitz*, 760 F.3d 1038, 1046 (9th Cir. 2014) (quoting *Farooqi v. Carroll (In re Carroll)*, 464 B.R. 293, 312 (Bankr. N.D. Tex. 2011)) ("Based on our review of the case law, we conclude, as one bankruptcy court explained, 'there can be little doubt that [a bankruptcy court], as an Article I tribunal, has the constitutional authority to hear and finally determine what claims are non-dischargeable in a bankruptcy case.'"); *see also In re Hashemi*, 104 F.3d 1122, 1124 (9th Cir. 1996) ("Bankruptcy litigants . . . have no Seventh Amendment right to a jury trial in dischargeability proceedings.")

Second, Defendant's assertion that "all the facts have to be tried in the State Court" is incorrect. (ECF No. 1 at 5.) Even though staying the bankruptcy proceedings to permit fact finding to occur before a state trial court is one means of resolving this matter, it is not the only way to do so. *See In re Kennedy*, 108 F.3d 1015, 1018 (9th Cir. 1997), *as amended* (Mar. 21, 1997). To the contrary, various courts have expressly concluded that "a creditor has no right to a jury trial in a nondischargeability proceeding, even on

6

determinations as to liability and damages on its underlying claims." *See In re Valle*, 469 B.R. 35, 39 (Bankr. D. Idaho 2012) (addressing liability arising from RICO and fraud claims); *accord Longhorn Land*, 529 B.R. at 765–66 (addressing liability arising from state and federal securities claims). Simply put, Defendant carries the burden of persuasion here and he has "not shown that a jury trial is required in this case." *Longhorn Land*, 529 B.R. at 755.

Lastly, even if this were a non-core matter, and a jury trial were required at some point, the Court is still not obligated to withdraw reference immediately. "[A]llowing the bankruptcy court to retain jurisdiction over *pre-trial* matters, does not abridge a party's Seventh Amendment *right to a jury trial*." *In re Healthcentral.com*, 504 F.3d 775, 787 (9th Cir. 2007) (emphasis in original). Instead, permitting the Bankruptcy Court to address pre-trial matters "promotes judicial economy and efficiency by making use of the bankruptcy court's unique knowledge of Title 11 and familiarity with the actions before them." *Id.* at 787–88; *see also In re Arbco Capital Mgmt.*, LLP, 479 B.R. 254, 267 (S.D.N.Y. 2012). Here, that is the case, as there is already another pre-trial motion pending before the bankruptcy court which calls on the court's expertise in assessing dischargeability matters. *See* Motion to Stay Proceedings, *In re Bowen*, Adv. No. 20-90012-LT (Bankr. S.D. Cal.) (filed on April 10, 2020).

Consequently, despite Defendant's claim to jury trial, withdrawal of the case to District Court would not be appropriate under the present circumstances.

## IV. Conclusion

For the foregoing reasons, the Court rejects Defendant's arguments and finds that withdrawal is neither required nor advisable at this time. Defendant's motion is DENIED.

**IT IS SO ORDERED.**

Dated:  April 23, 2020

Hon. Gonzalo P. Curiel
United States District Judge

7